UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEAN & DELUCA BRANDS, INC.,

Plaintiff,

v.

FIRE BRANDS INNOVATION, LLC and VILLAGE SUPER MARKET, INC.,

Defendants.

26-CV-3619 (DEH) (RFT)

**CONFIDENTIALITY STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER**

WHEREAS, Plaintiff Dean & DeLuca, Inc. and Defendants Fire Brands Innovation, LLC and Village Super Market, Inc. (individually a "Party" and collectively, the "Parties"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1. Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

2. Counsel for any Party may designate any document or information, in whole or in part, as ATTORNEYS' EYES ONLY if counsel determines, in good faith, that the document or information requires protection beyond that afforded by a "CONFIDENTIAL" designation

because (a) its disclosure to another Party or to that Party's officers, directors, or employees would be highly likely to cause significant harm to the business or competitive position of the designating Party, or (b) it constitutes or reveals particularly sensitive trade secret, technical, commercial, financial, or business information ("AEO Information"). Information and documents designated by a Party as AEO Information will be stamped "ATTORNEYS' EYES ONLY."

3. Confidential Information and AEO Information are referred to collectively in this Order as "Protected Material." For purposes of this Order, references to a producing Party or a designating Party include any third party that produces or designates material pursuant to Paragraph 12 below. Designations shall be made prior to or contemporaneously with production or disclosure, subject to Paragraph 11 below. All extracts and summaries of Protected Material, either standing alone or part of a larger document, shall be treated as the same designation as the original. The use of a legend other than the exact words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not waive or impair any designation under this Order. Abbreviations and legends of similar import are effective designations at the corresponding tier; by way of example, a legend reading "AEO," "Attorneys' Eyes Only," or "Highly Confidential Attorneys' Eyes Only" shall be treated as designating AEO Information, and a legend reading "Confidential Subject to Protective Order" shall be treated as designating Confidential Information. Documents, information, and materials that cannot practicably be stamped—including native-format files, spreadsheets, databases and other structured data, and audio and video recordings—may be designated by any reasonable means, including a legend on a slip sheet or placeholder, a designation in the production load file or an accompanying metadata field, a file- or folder-naming convention, or written identification in a production cover letter.

4. Protected Material will be held and used by the Party or person receiving such

information solely for use in connection with this action, and for no other purpose, absent written agreement of the designating Party or order of the Court.

5. In the event a Party challenges another Party's or a third party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Protected Material disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Protected Material. This Order is without prejudice to the right of any Party or third party to object to the production of any information on any ground other than confidentiality.

6. Documents and information designated as "CONFIDENTIAL" shall not be disclosed to any person or entity, except:

a. Counsel for a Party, including in-house counsel and outside counsel, and attorneys at the same firm as such outside counsel;

b. Employees of such outside counsel assigned to and necessary to assist in this litigation;

c. Officers, directors, and employees of a Party whose assistance is reasonably necessary to the conduct of this litigation;

d. Consultants of a Party, and Officers, directors, or employees of Pace Development Corporation Plc ("Pace") whose assistance is reasonably necessary to the conduct of this litigation;

e. Consulting or testifying experts assisting in the prosecution or defense of this litigation, to the extent deemed necessary by counsel;

f. Outside vendors and service providers retained by counsel to assist in this

litigation, including electronic discovery, document management, reproduction, translation, and litigation support vendors;

g. Court reporters, videographers, and interpreters engaged in connection with testimony in this litigation;

h. Witnesses or prospective witnesses, solely in connection with their testimony in this litigation or preparation for such testimony, and only if it appears that the witness or prospective witness authored or received the CONFIDENTIAL INFORMATION, has knowledge of the subject matter described therein, or is employed by the Party who produced the information, document or thing;

i. The Court (including a mediator, or other person having access to any Protected Material by virtue of his or her position with the Court); and

j. Any other person by written agreement of the designating Party or upon order of the Court.

7. Documents and information designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person or entity, except:

a. Outside counsel for a Party, attorneys at the same firm as such outside counsel, and employees of such outside counsel assigned to and necessary to assist in the litigation;

b. In-house counsel for a Party, subject to Paragraph 8 below;

c. In-house counsel for Pace, subject to Paragraph 8, below;

d. Consulting or testifying experts assisting in the prosecution or defense of this litigation, to the extent deemed necessary by counsel;

e. Outside vendors and service providers retained by counsel to assist in this litigation, including electronic discovery, document management, reproduction, translation, and litigation support vendors;

f. Court reporters, videographers, and interpreters engaged in connection with testimony in this action;

g. Witnesses and prospective witnesses, solely in connection with their testimony in this action or preparation for such testimony, and only if it appears that the witness authored or received the AEO Information, has knowledge of the subject matter described therein, or is employed by the Party who produced the information, document or thing;

h. The Court (including a mediator, or other person having access to any Protected Material by virtue of his or her position with the Court); and

i. Any other person by written agreement of the designating Party or upon order of the Court.

8. AEO Information may be disclosed to in-house counsel for a Party or for Pace only if (a) the receiving Party first identifies such in-house counsel to the designating Party in writing by name, title, and business address; and (b) such in-house counsel does not have actual decision-making authority over advertising, pricing, marketing, or product development for products or services at issue in the Litigation.

9. Prior to disclosing or displaying Protected Material to any person identified in Paragraph 6(c)-(h) or Paragraph 7(b)-(g), counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by such person or entity for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Additionally, persons identified in Paragraph 6(d)-(h) and Paragraph 7(c)-(g), require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

10. Unless otherwise agreed by the Parties, a deposition transcript shall be treated as AEO Information in its entirety for fourteen days following delivery of the certified transcript to counsel for the Parties. Designations may be made on the record during the deposition or, within that fourteen-day period, by providing the other Parties written notice specifying the page and line numbers and the applicable designation. Upon the expiration of the fourteen-day period, portions of the transcript not so designated shall be treated as not designated under this Order, subject to Paragraph 11 below. Whenever Protected Material is to be discussed or disclosed in a deposition, any Party, or any third party whose Protected Material is being discussed or disclosed, may exclude from the deposition any person who is not entitled under this Order to receive material bearing the applicable designation.

11. The disclosure of a document or information without designating it as “CONFIDENTIAL” or “ATTORNEYS’ EYES ONLY” shall not constitute a waiver of the right to designate such document or information as Protected Material. A producing Party that determines it has produced or disclosed Protected Material without the appropriate designation shall promptly provide written notice to the receiving Party identifying the document or information and the corrected designation. Upon receipt of such notice, the receiving Party shall

(a) thereafter treat the document or information in accordance with the corrected designation and all other terms of this Order; (b) affix or request that the producing Party affix the appropriate legend to all copies within the receiving Party's possession, custody, or control; and (c) make reasonable efforts to retrieve any copies previously furnished to persons not entitled under this Order to receive material bearing the corrected designation. No Party or person shall incur liability under this Order for any use or disclosure made before receipt of such notice that was consistent with the designation, if any, that the document or information then bore.

12. At the request of a third party that produces documents, information, or testimony in this litigation and that agrees to be bound by the terms of this Order, the terms of this Order shall apply to protect material designated by that third party in accordance with Paragraphs 1 and 2 above, and such third party may seek relief from the Court to enforce this Order with respect to material it has designated. A third party's designation of material under this Order does not entitle that third party to access Protected Material produced by any Party or by any other third party. Whether or not a third party makes a request under this Paragraph, all material produced by a third party shall be treated as AEO Information for fourteen days after receipt. In the event a third party produces material in this action that a Party wishes to designate as Confidential Information or AEO Information, that Party must make the designation within fourteen days after receipt and identify the material by Bates number or, where not Bates numbered, by document title and page number(s) or page and line number(s). The Parties and third parties shall thereafter treat the material in accordance with such designation.

13. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure,

confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

14. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged, and/or protected information before production. Each Party is entitled to determine, in its sole discretion, the degree of care to exercise in reviewing materials for privilege or work-product protection, and no claim of privilege or protection shall be waived or forfeited by reason of the degree of care actually exercised.

15. Upon written notice from a producing Party that privileged or work product protected material has been produced, the receiving Party shall promptly (a) return or destroy all copies of the identified material; (b) refrain from any use or disclosure of the identified material until the claim of privilege or protection is resolved; and (c) upon request, certify or confirm in writing that it has, to the best of its knowledge, returned or destroyed all copies and ceased further review, dissemination, and use of the identified material. A receiving Party that in good faith believes it has received material that may be privileged or work product protected shall promptly notify the producing Party. Nothing in this Paragraph precludes the receiving Party from

challenging the claim of privilege or protection, provided that it does not disclose or otherwise use the identified material in doing so. If for any reason the Court finds this Paragraph inapplicable to particular material, Federal Rule of Evidence 502(b) shall apply in its absence.

16. Notwithstanding the designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the Parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions. If a filing contains material designated by a third Party, the filing Party shall provide notice of the filing to that third Party.

17. Nothing in this Order shall preclude or impede counsel's ability to communicate with or advise their client in connection with this action based on counsel's review and evaluation of Protected Material, provided that such communications and advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted by this Order.

18. If a Party or any other person subject to this Order is served with a subpoena, court order, or other legal process in any other action or proceeding that seeks the production or disclosure of Protected Material designated by another Party or by a third Party, that Party or person shall: (a) promptly, and in no event more than five business days after service, notify the designating Party in writing and furnish a copy of the subpoena, order, or process; (b) promptly inform in writing the Party or entity that caused the subpoena, order, or process to issue that some or all of the material sought is subject to this Order and furnish a copy of this Order; and (c) not produce or disclose the designated material before the date on which compliance is required, so as to afford the designating Party a reasonable opportunity to object or seek protection. Nothing in this Paragraph shall require any Party or person to disobey a lawful order or subject itself to

sanctions or penalties, and the burden of opposing the subpoena, order, or process shall rest with the designating Party.

19. Within thirty days after receipt of a written request from the producing Party made no earlier than the entry of final judgment no longer subject to further appeal, Protected Material and any copies thereof shall be returned to the producing Party or, upon permission of the producing Party, destroyed. Notwithstanding the foregoing, outside counsel for each Party may retain one archival set of pleadings, motion papers and other filings, deposition and hearing transcripts and exhibits, expert reports and disclosures, discovery requests and responses, correspondence, trial exhibits, and attorney work product, even though such materials contain, refer to, or are derived from Protected Material. Any materials so retained shall remain subject to this Order.

20. Neither the taking of, nor the failure to take, any action to enforce this Order, nor the failure to object to any designation, shall constitute a waiver of any right to seek or obtain protection or relief in this action or in any other action. This Order is without prejudice to the right of any Party or third Party to apply to the Court at any time for additional protection or for relief from or modification of the restrictions of this Order. On any motion seeking disclosure beyond that authorized by this Order, the burden shall rest with the receiving Party to justify the disclosure.

21. This Order shall apply to documents and information produced and designated before its entry. Each Party shall be bound by the terms of this Order as of the date counsel for that Party executes it, whether or not the Court has then entered it. The obligations imposed by this Order shall survive the termination of this action and shall remain in effect until the designating Party agrees otherwise in writing or the Court orders otherwise, except as to material that has become part of the public record. The Court retains jurisdiction to enforce the terms of this Order

following the termination of this action.

SO STIPULATED AND AGREED.

Dated: September 25, 2026
New York, NY

**NUTTER MCCLENNEN & FISH, LLP**

*/s/ Benjamin M. Stern*

Jordana A. Garellek, Esq.
655 Third Avenue
New York, NY 10017
Telephone: (646) 440-8000
jgarellek@nutter.com

Benjamin M. Stern (*pro hac vice*)
155 Seaport Boulevard
Boston, MA 02210
Telephone: (617) 439-2000
bstern@nutter.com

*Attorneys for Plaintiff*
*Dean & DeLuca Brands, Inc.*

**METZ LEWIS BRODMAN MUST O'KEEFE LLC**

*/s/ Reynold Lambert*

Reynold Lambert, Esq.
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone: (973) 597-6340
rlambert@lowenstein.com

Barry I. Friedman, Esq.
Frank M. Kelly, Esq.
444 Liberty Avenue
Suite 2100
Pittsburgh, PA 15222
Telephone: (412) 918-1110
Facsimile: (412) 918-1199
bfriedman@metzlewis.com
rkelly@metzlewis.com

*Attorneys for Defendants Fire Brands Innovation, LLC and Village Super Market, Inc.*

Dated: September 25, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEAN & DELUCA BRANDS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FIRE BRANDS INNOVATION, LLC and VILLAGE SUPER MARKET, INC.,<br><br>Defendants. | 26-CV-3619 (DEH) (RFT)<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

I, ________________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the Party or attorney from whom I received it, or upon permission of the producing Party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ___________, 20__

________________________________ ________________________________
Name (printed) Signature